[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUH OF DECISION
The matter before the court is the defendant's motion to modify the judgment and grant physical custody of the parties' two minor children, Ashley and Jared Roy to the defendant father.
Originally in May of 1998, the court issued a decree with respect to custody and support of the minor children. The court awarded joint custody to the parties with physical residence to the plaintiff mother and reasonable visitation to the defendant father.
Since the time of the decree, there have been two referrals to the Department of Children and Families concerning the children, but those referrals were ultimately resolved without further action.
The motion to modify was referred to family relations for a custody study.
Both children, Ashley and Jared, have been assessed for special needs by the school which they attend.
The plaintiff is a single mother of four children. She resides in a three bedroom apartment in Danielson. Jared Roy is 10-years-old and Ashley Roy is 8-years-old. The plaintiff claims that the defendant has not taken an active role in the lives of the children and that responsibility of the children has fallen on her exclusively. The defendant reports that he is very active in his childrens' lives, that he CT Page 2962 has visitation every weekend and has the children every holiday.
The defendant has observed current behavior problems exhibited by the children, including problems at school and at home. The defendant feels that the plaintiff is unable to control the childrens' behavior. The defendant further maintained that the plaintiff was unable to provide a stable, structured environment for the children.
The Department of Children and Families had gotten involved with the family in 1998 with issues of discipline and physical abuse. The children were placed with the defendant for a period of seven weeks until the plaintiff had completed parenting classes. The children were subsequently returned to the plaintiff. Two other referrals were received by the Department of Children and Families concerning the plaintiff and the minor children, but were dismissed after investigation.
United Services was contacted by Family Relations. They indicated that both Jared and Ashley could benefit from therapy. United Services was concerned that the plaintiff, having difficulty with the needs of the children, having a flat affect and unable to use suggestions posed in family sessions to help with mother-daughter relations. The plaintiff mother felt that Ashley was very needy. Ashley on the other hand was unable to openly discuss her feelings with her mother.
The defendant father attended sessions with United Services and Sandra Lucas reported a much more positive interaction between Ashley and her father. The sessions reviewed indicated playful behavior and appropriate concern by the defendant father of his children.
Home visits with plaintiff and children: The case worker, Kimberly Low, reported that during home visits she observed minimal interaction between the mother and Jared, he appeared to walk around with his head down and mother would only minimally acknowledge him and she would rarely engage in conversation with him. Then engaged in conversation with the case worker, Jared indicated he hated school and when home stayed by himself, he played on the computer.
The case worker also met Ashley on home visits. She did not respond well to conversation. She would suck her thumb when mother asked her not to. When conversation turned to plaintiff mother's opinion of defendant father, Ashley would curl up and suck her thumb.
When the case worker visited the children at the defendant's home, the children were ammated, they would freely discuss their activities, they were respectful, engaged and had Positive affect through the home visit situation. The children appeared at home in the defendant's household and CT Page 2963 displayed no ammosity toward Tammy Roy, the defendant's present wife.
On January 9 and January 30, 2001, the caseworker contacted Killingly memorial School and spoke with Joan Lucason who is the school social worker and counselor who has been involved with Jared and Ashley Roy since their enrollment three years ago. Ms. Lucason described both children as having difficulties at school. Ms. Lucason stated that Ashley is learning disabled, receives special education services and in the past was medicated with Paxil, which she no longer receives, but now is currently on Ritalin which the school nurse administers. Ms. Lucason reports that Ashley is making better progress this year. She described Ashley as intuitive with good problem solving ability. She further stated that Ashley is bright, but has difficulty learning to her potential. Ms. Lucason reports Ashley has positive peer relationships.
Joan Lucason stated that Jared Roy appears to be very depressed, lethargic and unhappy. Jared has had various behavior problems over the past two years. Jared's home room has been changed twice due to his unruly behavior. Ms. Lucason describes Jared as not caring and not having many friends. She states that he acts out aggressively to get noticed. Jared currently is placed with a teacher, Ms. Misseri, who is described as highly structured. She describes Jared as needing structure and supervision.
Joan Lucason reports that she has had the opportunity to meet both mother, Paula Peloquin and father, Glynn Roy. Ms. Lucason described plaintiff as overwhelmed. In the past, the plaintiff has been slow in following through with problems or concerns the school has had with respect to both Ashley and Jared. Ms. Lucason states that the plaintiff does not seem to understand the difficulties her children are having. Ms. Lucason has concerns with mother's ability to cope with her son's out of control behaviors and states that Ashley's behaviors are in a large part due to anger toward her mother. The defendant father has maintained regular contact with the school since his childrens' enrollment. In the past when problems arose regarding the children, and when plaintiff mother could not be reached or did not respond to the school's concerns, defendant father was contacted. She stated that the defendant has consistently shown an interest in the children's school progress and problems. In January 2000, there was an incident when the defendant came to the school wanting to pick up the children. When the plaintiff was contacted for permission, she refused to allow the defendant to leave the school premises with the children. Ms. Lucason stated that due to plaintiff's request not to release the children to the defendant, the school would not permit Ashley and Jared to leave with the defendant, and therefore called maternal grandparents when unable to reach the plaintiff. CT Page 2964
Throughout the family relations evaluation process, plaintiff and maternal grandparents cited various issues regarding defendant's lack of interest in his children and lack of involvement in school and activities. In contrast to this, s cited defendant as interested, involved and concerned about his childrens' well-being. During the family relations contact, the plaintiff continued to view the defendant's motion to modify as a way to make her out to be a "bad mother." While trying to obtain information regarding background, history and childrens' situation, the plaintiff redirected her answers to focus on the defendant and her perceived inadequacies and faults of him. At one meeting, the plaintiff had an emotional outburst in her home with her children present, which resulted in an abrupt end to the meeting due to the plaintiff's emotional state. The plaintiff did not appear to have insight as to how this outburst may affect her children. The plaintiff's focus was that she was not a "bad mother," with no realization that the focus was on the best interest of her children. The court finds when she states that she is doing the best she can is in fact doing so. The plaintiff is a single mother with four young children, two of whom are experiencing significant difficulties and are exhibiting serious behavior problems. The plaintiff has limited resources and likely personal issues, that are getting in the way of her ability to meet her childrens' needs. The caseworker also acknowledges that the involvement of maternal grandparents and their strong commitment to their grandchildren is supportive to the children and mother. The grandparents' involvement is not sufficient however to overcome the difficulties in the plaintiff's household.
The defendant appears to currently possess the more stable home environment necessary to best meet the needs of Jared and Ashley. From all resources, it is clear that both children need structure and consistency to assist them in addressing their behavioral and psychological problems. At beginning defendant's ability to focus exclusively on the children's needs, makes him currently better positioned to provide for their primary residence than the plaintiff.
The court finds that it is in the best interests of Ashley and Jared Roy:
That the defendant's motion for modification of custody is granted with primary physical residence of Ashley and Jared Roy changed to the defendant.
The plaintiff is granted reasonable rights of visitation at a minimum to include one evening per week and one weekend night per week of visitation. CT Page 2965
The defendant is to continue counseling at United Services for both Ashley and Jared Roy and follow recommendations of that therapy.
Kocay, J.